UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KM ENTERPRISES, INC.,

                                Plaintiff,                                  REPORT AND
                                                                                      RECOMMENDATION

           -against-                                                                    CV 11-5098 (ADS)(ETB)

JOAN McDONALD, in her capacity as
COMMISSIONER of the NEW YORK
STATE DEPARTMENT OF
TRANSPORTATION,

                                Defendant.
------------------------------------------------------------------------X

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      Before the court is the plaintiff's motion for a preliminary injunction, enjoining the defendant from (1) disbursing federal funds during the pendency of this action for the project known as "Town of Brookhaven, Traffic Preemption Control System Pin No. 1757.43, Invitation to Bid #11039" and (2) authorizing further performance of the contract for the traffic project during the pendency of this action. An evidentiary hearing was held before the undersigned on November 16, 2011. For the following reasons, I recommend that plaintiff's motion be denied.

### FINDINGS OF FACT

      This action arises out of a public procurement contract solicited by the Town of Brookhaven (the "Town") for a traffic project known as "Town of Brookhaven, Traffic Preemption Control System Pin No. 1757.43, Invitation to Bid #11039 (the "Project"). (1st Am. Compl. ¶ 4.) The Project consists of installing traffic preemption equipment, which changes red

lights to green, at more than four hundred intersections in the Town in order to allow emergency vehicles to travel through the intersections. (Tr. 68, 87; 1st Am. Compl. ¶ 27.) Four prime contractors bid on the job, including Hinck Electrical Contractor, Inc. ("Hinck"), who was ultimately awarded the contract. (Id. ¶ 28; Tr. 43)

Prior to bidding on the Project, Hinck solicited price quotes from traffic preemption equipment vendors to factor into their bid to the Town. (Tr. 7, 38, 45.) Two competing manufacturers of traffic preemption equipment - the plaintiff, KM Enterprises ("KME"), whose equipment is known as the Emtrac Systems, and Global Traffic Technologies ("GTT"), whose product is called Opticom GPS - submitted price quotes. (1st Am. Compl. ¶¶ 27, 30; Pl. Ex. 1.)

On June 1, 2011, KME provided Hinck with a price quote of $1,526,250.00 for the traffic preemption equipment. (Tr. 14, 50; Pl. Ex. 2.) KME submitted this same price quote to three other vendors who were also bidding on the project but who were ultimately unsuccessful. (Tr. 57; 1st Am. Compl. ¶ 44.) That same day, GTT provided Hinck with a price quote of $1,450,040.60.[1] (Tr. 9; Pl. Ex. 1.) The project bid date was June 2, 2011. (Tr. 9, 43; 1st Am. Compl. ¶ 45.)

After the bid opening, Richard D'Alessandro, KME's Vice President of Operations, contacted all four contractors to inquire as to whether they used KME's price quote in their bids to the Town. (Tr. 59.) All of the contractors, with the exception of Hinck, advised KME that they used its quote and that it was "considerably lower than the competition." (Tr. 59.) Hinck

---

[1] GTT previously submitted a price quote of $2,688,242.50 to Hinck. (Pl. Ex. 3.) However, GTT subsequently asked to revise their price because they "bid too much equipment." (Tr. 71.) Paul Stram, Hinck's Senior Project Manager and Estimator, thereafter emailed GTT and requested that they update their quote with their "best and final numbers." (Pl. Ex. 1.) GTT submitted a revised price quote of $1,450,040.60. (Pl Ex. 1.)

never told KME that KME had submitted the lowest price quote. (Tr. 41, 61, 65.) Nor did KME have any communications with GTT regarding their price quote to Hinck. (Tr. 67.) Nonetheless, KME believed that it had submitted the lowest price quote for the equipment supply contract. (Tr. 61, 65.)

After its bid for the Project was accepted, Hinck awarded the equipment supply contract to GTT based on the fact that GTT had submitted the lowest price quote. (Tr. 46, 64, 71.) The Town played no role in Hinck's decision to award the equipment supply contract to GTT. (Tr. 40-41.)

As of the date of the evidentiary hearing - November 16, 2011 - the Town had ordered the traffic preemption equipment for the Project and had begun installing the equipment on approximately fifty intersections thus far. (Tr. 87.)

CONCLUSIONS OF LAW

I.  Legal Standard

A preliminary injunction "is one of the most drastic tools in the arsenal of judicial remedies" and "should not be routinely granted." Hanson Trust PLC v. ML SCM Acquisition, Inc., 781 F.2d 264, 273 (2d Cir. 1986) (quoting Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). In order to obtain a preliminary injunction, the movant must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardship tipping decidedly in the movant's favor. See Polymer Tech. Corp. v. Mimran, 37 F.3d 74, 77-78 (2d Cir. 1994). The purpose of a preliminary

injunction is to prevent hardship and preserve the status quo until final determination of the action. See WarnerVision Entm't v. Empire of Carolina, Inc., 101 F.3d 259, 261-62 (2d Cir. 1996). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992); Metro Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001).

II.     Irreparable Harm

"Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." Bell & Howell v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2948, at 431 (1973) and citing cases). Such irreparable harm must be "actual and imminent" and "not remote or speculative." Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979) (citation omitted). Irreparable harm has been found in circumstances where a party is threatened with the loss of a business, see Tom Doherty Assocs., 60 F.3d at 37, or where the threatened termination of delivery of a unique product would inevitably result in irreparable damage to the good will of the distributor, see Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907-908 (2d Cir. 1990). However, it is well-established that "irreparable injury means injury for which a monetary award cannot be adequate compensation." Jackson Dairy, 596 F.2d at 72. Accordingly, "where money damages are adequate compensation, a preliminary injunction

will not issue since equity should not intervene where there is an adequate remedy at law." Loveridge v. Pendleton Woolen Mills, Inc., 788 F.2d 914, 918 (2d Cir. 1986) (citation omitted).

Plaintiff has failed entirely to demonstrate any irreparable harm whatsoever in this action. Plaintiff is not a party to the prime contract with the Town of Brookhaven that it seeks to enjoin. Nor is plaintiff a party to the equipment supply contract between Hinck and GTT. In fact, plaintiff even states in its supplemental memorandum of law that it "is not alleging it has a right in the contract," although to which contract plaintiff is referring is unclear. (Pl. Supplemental Mem. of Law 4.)

Rather, the crux of this action is that plaintiff believes that it should have been awarded the equipment supply contract instead of GTT and that the Town, acting as an agent of the New York State Department of Transportation, somehow interfered with that right. (1st Am. Compl. ¶ 4, 33, 35-36.) The only "harm" to plaintiff is the loss of the equipment supply contract, which can be adequately compensated by money damages. As such, the harm to plaintiff is not irreparable.

Moreover, nothing in the testimony or evidence adduced at the evidentiary hearing by plaintiff addressed irreparable harm. Plaintiff made no effort to demonstrate how its business would suffer in the absence of a preliminary injunction. In fact, in its supplemental memorandum of law, the only mention of irreparable harm is that "a preliminary injunction would not impose significant hardship on the parties to the contract." (Pl. Supplemental Mem. of Law 18.) This is not the standard for the issuance of a preliminary injunction.

For the foregoing reasons, I recommend that plaintiff's motion for a preliminary injunction be denied for failure to demonstrate irreparable harm.

III.     Likelihood of Success on the Merits

Notwithstanding the lack of irreparable harm, which is grounds in and of itself for denying a motion for a preliminary injunction, see Awosting Reserve LLC v. Chaffin/Light Assocs. Co., 296 F. Supp. 2d 470, 472 (S.D.N.Y. 2003) (noting that "a lack of irreparable harm is sufficient to deny a preliminary injunction"), it is worth noting that plaintiff has similarly failed to demonstrate a likelihood of success on the merits. As stated supra, plaintiff alleges that it should have been awarded the equipment supply contract rather than GTT and that it lost the contract due to the Town's interference; namely, that the Town, in violation of federal regulations, specifically directed Hinck to award the contract to GTT. However, nothing in the evidence or testimony presented at the evidentiary hearing supports this allegation. Rather, Paul Stram, Hinck's Senior Project Manager and Estimator, explicitly denied such an allegation when questioned about it. (Tr. 40-41.) While plaintiff's President, Kris Morgan, claims that Mr. Stram told him that the Town had directed Hinck to award the contract to GTT, (Tr. 71), Mr. Stram denies ever making such a statement and plaintiff has offered nothing to refute Mr. Stram's testimony.

Moreover, plaintiff seeks to interfere with two contracts here - the prime contract between Hinck and the Town and the subcontract between Hinck and GTT - yet plaintiff has failed to name any of the parties to the contracts as defendants. Under Federal Rule of Civil Procedure 19, a non-party is required to be joined in an action if it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). That is precisely the case here. Hinck, GTT and the Town all have an interest in

the contract that plaintiff seeks to enjoin and, if plaintiff were to be successful, these non-parties could have their contractual rights impaired without any opportunity to be heard. As such, they are considered "required parties" as defined in Rule 19(a)(1).

Plaintiff argues that there is no procedural mechanism for joining all of these parties in one action and therefore, it should not have to join them and the action should continue with the named parties. However, this is not how Rule 19 works. Rather, the court must first determine whether a party is "required" under Rule 19(a)(1), which is the case here. Then, "[i]f a 'required' party cannot be joined, the court must consider 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed' under Rule 19(b)." Aguinaga v. UBS AG & UBS (Bahamas), Ltd., No. 09 Civ. 03261, 2010 U.S. Dist. LEXIS 132294, at *16 (S.D.N.Y. Dec. 14, 2010) (quoting Fed. R. Civ. P. 19(b)) (additional citation omitted). "It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C., 262 F.R.D. 269, 273 (S.D.N.Y. 2009) (quoting Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000)). If, as plaintiff claims, the necessary parties cannot be joined, then the action must be dismissed. See Fed. R. Civ. P. 19(b); see also Berkeley Acquisitions, 262 F.R.D. at 273.

Based on the foregoing, plaintiff has failed to demonstrate a likelihood of success on the merits. As stated supra, plaintiff has also failed to demonstrate irreparable harm. Accordingly, I recommend that plaintiff's motion for a preliminary injunction be denied.

## RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff's motion for a preliminary injunction be denied.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
January 5, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge