UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KM ENTERPRISES, Inc.,

                Plaintiff,

                                        **ORDER**
            -against-                        11-cv-5098 (ADS)(ETB)

JOAN McDONALD, in her capacity as
COMMISIONER of the NEW YORK STATE
DEPARTMENT OF TRANSPORTATION,

                Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Jana Yocom, P.C.**
*Attorneys for the Plaintiff*
320 South 11th
Suite 1
Mt. Vernon, IL 62864
        By:     Jana L. Yocom, Esq., of Counsel

**New York State Attorney General, Nassau Regional Office**
*Attorneys for the Defendant*
200 Old County Road, Suite 240
Mineola, NY 11501
        By:     Assistant Attorney General Ralph Pernick

**New York State Attorney General, Syracuse Regional Office**
*Attorneys for the Defendant*
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455
        By:     Assistant Attorney General Timothy P. Mulvey

**SPATT, District Judge.**

        The Plaintiff in this case, KM Enterprises, Inc. ("KME"), initially filed a complaint against the Defendant as well as a motion for a preliminary injunction in the Northern District of New York on October 5, 2011. The action was

subsequently transferred to this district on October 20, 2011. In short, this is a case about a public procurement contract solicited by the Town of Brookhaven (the "Town") for a project to install traffic preemption equipment. The Plaintiff KME was one of two competing subcontractors (the other being Global Traffic Technologies ("GTT")), whose price quote was ultimately not accepted by the prime contractor, Hinck Electrical Contractor, Inc. ("Hinck"), although KME is of the belief that it submitted the lowest price quote.

This Court held a hearing on November 16, 2011, to address the Plaintiff's motion for a preliminary injunction. In particular, the Plaintiff seeks to enjoin the Defendant (1) from disbursing federal funds during the pendency of this action for the project known as "Town of Brookhaven, Traffic Preemption Control System Pin No. 1757.43, Invitation to Bid #11039" (the "Project"); and (2) from authorizing further performance of the contract for the Project during the pendency of this action. This Court referred the matter to United States Magistrate Judge E. Thomas Boyle for the purpose of holding a hearing and issuing a Report and Recommendation addressing the Plaintiff's order to show cause and motion for preliminary injunction.

Following a hearing on November 16, 2011, Judge Boyle issued a Report and Recommendation on January 5, 2012, which made the following findings: (1) that the Plaintiff failed entirely to demonstrate any irreparable harm in this action because the alleged injury can be adequately compensated by money damages; and (2) that the Plaintiff failed to demonstrate a likelihood of success on the merits

because nothing in the evidence or testimony supported the allegation that the Town interfered with the award of the equipment supply contract to GTT.

KME filed objections to Judge Boyle's Report and Recommendation on two legal grounds: (1) that it did provide evidence of irreparable harm; (2) that it did sufficiently prove likelihood of success on the merits. KME also objects to several findings of fact by Judge Boyle, including: (1) that GTT changed its price quote before the bid opening; (2) that the Town had no involvement in Hinck's decision to award the contract to GTT; and (3) that KME did not provide the lowest lawful bid, and that if KME believed that, it would be unreasonable.

After carefully reviewing the Plaintiff's objections, this Court adopts the Report and Recommendation in its entirety and denies the Plaintiff's request for a preliminary injunction.

## I. DISCUSSION

### A. <u>Standard of Review</u>

A court is required to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1)(C); <u>Grassia v. Scully</u>, 892 F.2d 16, 19 (2d Cir. 1989). The phrase " de novo determination" in Section 636(b)(1) — as opposed to "de novo hearing" — was selected by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." <u>United States v. Raddatz</u>, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). Section 636 does not require a court "to rehear the contested testimony in order to carry out the statutory command to make

the required 'determination.'" Id. at 674, 100 S. Ct. 2406. Rather, in making such a determination, a court may in its discretion review the record and hear oral argument on the matter. See Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990). Furthermore, a court may in its sound discretion afford a degree of deference to the magistrate's Report and Recommendation. See Raddatz, 447 U.S. at 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424.

In a case where a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 Civ. 324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). "Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" Fairfield Financial Mortg. Group, Inc. v. Luca, No. 06 Civ. 5962, 2011 WL 3625589, at *2 (E.D.N.Y. Aug. 16, 2011).

**B. KME's Objections**

The Plaintiff KME asserts three main objections to Judge Boyle's Report and Recommendation. First, it alleges that it has adequately demonstrated irreparable harm, in part based upon precedent from this circuit. Second, the Plaintiff disputes Judge Boyle's findings of fact regarding the testimony of Paul Stram — a Hinck representative — because the Plaintiff alleges that his testimony lacked credibility as it changed several times. Finally, KME asserts that Judge Boyle did not correctly frame the question of likelihood of success on the merits,

because according to the Plaintiff, the relevant inquiry is not whether the specific contract at issue should be awarded to any particular party but rather "the nature, scope and applicability of competitive bidding regulations, sole source authorization, ITS compliance and federal funding conditions applicable to Federal-aid projects generally."

As an initial matter, the Defendant claims that the Plaintiff's objections are untimely because objections were to be filed within fourteen days of service of the Report and Recommendation. Therefore, KME's objections should have been due on January 19, 2012, but KME's objections were not filed until January 23, 2012. Although the docketing entry on January 5, 2012 that corresponds with the Report and Recommendation states in part that "Objections to R&R due by 1/23/2012", (see Docket Entry No. 50), the Defendant argues that the Plaintiff cannot rely on "an incorrect (and gratuitous) statement by a docketing clerk." (Def. Resp. at 4.)

However, the date urged by the Defendant is incorrect, and the docketing entry accurately reflects when the Plaintiff's objections were due under the Federal Rules. Rule 26 of the Federal Rules of Civil Procedure states that when computing time, one must exclude the day of the event that triggers the period, so that the relevant period here would begin on January 6, 2012. Then, fourteen days would be counted, so that objections would be due by January 19, 2012. However, under Rule 26(c), "[w]hen a party may or must act within a specified time after service, 3 days are added after the period would otherwise expire under Rule 26(a)". Fed. R. Civ. P. 26. Thus, the due date for objections was actually January 22, 2012. As this date fell on a Sunday, the final due date became Monday, January 23, 2012,

5

because Rule 26(a) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 26. Therefore, the Court considers the Plaintiff's objections to the Report and Recommendation to be timely filed.

1. **As to Irreparable Harm**

Judge Boyle found that the only "harm" to the Plaintiff in this case is the loss of the equipment supply contract, which can be adequately compensated by money damages. Moreover, Judge Boyle noted that nothing in the testimony or the evidence adduced at the evidentiary hearing addressed irreparable harm, such as how the Plaintiff's business would suffer in the absence of a preliminary injunction.

The Plaintiff makes several objections in this regard, but oddly, most of its arguments do not appear to actually address the issue of irreparable harm. For example, the Plaintiff maintains that "clear evidence of bid-rigging was adduced, however rough the presentation may have been", and relies on the case of <u>State of New York v. Hendrickson Brothers, Inc.</u>, 840 F.2d 1065 (1988) in which, according to the Plaintiff, "the evidence was ample to permit the jury to infer that the State had been injured by the defendants' bid-rigging scheme." (Pl. Mem. at 4.) However, that case involved an assessment of whether the Plaintiff had demonstrated actual injury in his business or property at trial as a result of the defendant's violation of antitrust laws under the Clayton Act, in order to obtain treble damages. The Plaintiff in the present case does not bring an antitrust claim and thus the case is distinguishable. More importantly, the Plaintiff's reliance on

this case seems to miss the mark. The issue is not whether the Plaintiff can theoretically establish a harm resulting from a bid-rigging scheme. Rather, the issue is whether the harm suffered by the Plaintiff is irreparable, meaning an injury for which no remedy at law, including an award of damages, is adequate to compensate.

In addition, the Plaintiff conclusorily asserts that its injury is not compensable as a matter of law, and then states that "as a matter of law, injury includes all of the emergency vehicle priority projects in the region . . . that goes beyond the Brookhaven project." (Pl. Mem. at 6.) Even if this Court were to presume that the issues in this case go beyond the particular Project at issue, this assertion by the Plaintiff still does not explain why the injury it has suffered is irreparable. The Plaintiff does not allege that it will lose any other projects as a result of actions taken by the Defendant that would not be compensable by monetary relief, nor does it describe a single other emergency vehicle priority project in the region. Moreover, significantly, the Plaintiff has acknowledged that "the stay of the funding and the performance of the contract will not have an immediate effect on Plaintiff's bottom line." (Pl. Mem. at 11.)

In support of another possible source of irreparable injury, the Plaintiff states that its injury is of a constitutional nature, and that "[d]enial of a constitutional right by definition is not compensable in money damages." (Pl. Mem. at 7.) However, it is not clear what constitutional injury the Plaintiff is referring to. The Plaintiff may be relying on its cause of action pursuant to 42 U.S.C. § 1983, in which the Plaintiff claims that it has a right secured by the laws of

the United States to require the State of New York to comply with Federal Aid Highway Act regulations in accepting federal highway funds. However, that action would be premised on a federal statutory violation, not a constitutional one, even though the Plaintiff mentions a vague "liberty interest" in the certainty achieved through proper application of federal law. Moreover, even if a constitutional claim was asserted, "merely asserting a constitutional injury is insufficient to automatically trigger a finding of irreparable harm." Donohue v. Paterson, 715 F. Supp. 2d 306, 215 (N.D.N.Y. 2010) (citing Public Serv. Co. of New Hampshire v. Town of West Newbury, 835 F.2d 380 (1st Cir. 1987)). In other words, the Plaintiff must still convincingly show that a violation carries noncompensable damages in addition to monetary damages. See Savage v. Gorski, 850 F.2d 64, 68 (2d Cir. 1988) (finding that preliminary injunctive relief for alleged First Amendment violations was inappropriate because the complained of injury was clearly reparable and appellees' likelihood of succeed on the merits was dubious).

Here, the Court agrees with Judge Boyle and finds that the Plaintiff will not suffer irreparable injury in the absence of the issuance of a preliminary injunction because it can be made whole by an award of monetary damages. See Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.") (quoting Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 953, 39 L.Ed.2d 166 (1974)). "[W]here monetary damages may provide adequate compensation, a preliminary injunction should not issue." Id. Even if the Plaintiff could allege a

constitutional injury, stemming from its interest in "certainty" through the proper application of federal law to the award of contracts funded by the Federal Aid Highway Act in the future, it does not convincingly show that this violation would result in noncompensable damages or damages that cannot be ascertained at a later date.

Finally, the Plaintiff argues that it is necessary to maintain the status quo until this case is resolved so that the Plaintiff can have certainty in making business decisions. However, for the reasons stated above, to the extent that the injury at issue is harm to the Plaintiff's business because of its alleged inability to make certain decisions due to federal statutory violations, the Plaintiff cannot point to any evidence of irreparable harm so as to support the entry of a preliminary injunction.

On one hand, the Amended Complaint states that the Plaintiff is entitled under federal law to an award of the contract and that the award has been improperly thwarted by the Town under the authority of the Defendant, the New York State Department of Transportation ("NYSDOT"). Thus, it would appear that the Plaintiff's injury is the lost subcontract. However, the Amended Complaint, in a somewhat confusing fashion, also states that the Plaintiff has been deprived of "a liberty interest in certainty in application of appropriate law", indicating that the injury is of a constitutional magnitude. (Am. Compl. at ¶ 4.) Finally, the Plaintiff also appears to be basing its theory of the case on the general "lack of clarity as to applicability of regulations promulgated pursuant to Title 23 related specifically to highways as well as the absence of remedy for irregularities in bidding procedures." (Am. Compl. at ¶ 23.) In this vein, the Plaintiff frames the "actual controversy" as

"the nature, scope and applicability of competitive bidding regulations, sole source authorization, ITS compliance and federal funding conditions applicable to Federal-aid projects generally." (Am. Compl. at ¶ 63.)

If the Plaintiff's injury is the lost contract or even a constitutional violation, then the Court's discussion above applies and there is no irreparable harm demonstrated. If it is the latter, a general "lack of clarity", then the Plaintiff is alleging only the "mere possibility of future injury", as the Plaintiff has failed to show how a lack of clarity is the cause of any present detriment other than the loss of the contract at issue. See New York Civil Liberties Union v. Grandeau, 528 F.3d 122, 134 (2d Cir. 2008). This Court finds that the "lack of clarity", whatever meaning is ascribed to this term, is not a basis for irreparable harm.

For all of the reasons stated above, the Court rejects the Plaintiff's objections with regard to irreparable harm and adopts the Report and Recommendation finding that the Plaintiff failed to demonstrate any irreparable harm.

2. **As to the Likelihood of Success on the Merits**

In the Report and Recommendation by Judge Boyle, he states that "plaintiff alleges it should have been awarded the equipment supply contract rather than GTT and that it lost the contract due to the Town's interference . . . However, nothing in the evidence or testimony presented at the evidentiary hearing supports this allegation." However, according to the Plaintiff, while its "allegations raising a case or controversy for purposes of its action involved the unlawful denial of award of the Brookhaven contract, that is not the issue on the merits." (Pl. Mem. at 16.)

Rather, the Plaintiff asserts that "[d]isputed facts as to the Town's culpability are not relevant to the merits determination." (Id.)

Judge Boyle understood the legal conflict to be whether the Defendant, through its agent the Town, improperly interfered with the awarding of the equipment supply contract, in violation of federal law, so that GTT obtained the subcontract as opposed to the Plaintiff. In this Court's view, this is a reasonable interpretation for the liability issues in this case. The Plaintiff's attempts to characterize the controversy differently are without merit. The Plaintiff states at one point that the "issue is whether the Commissioner should be enjoined from funding the project and authorizing performance of the contract prospectively during the pendency of the litigation." (Pl. Mem. at 17.) However, that issue is merely restating the Plaintiff's requested relief for a preliminary injunction; it does not support the legal issue of likelihood of success presently before this Court. At another point, the Plaintiff states that this case will resolve accusations of bidding impropriety. (Id.) However, this assertion also does not establish likelihood of success on the merits.

The entire premise for why the Plaintiff claims that there was not compliance with federal laws and regulations is because of the allegation that although KME was the low bidder, the Town nevertheless directed that Hincks order the equipment from GTT. (See Am. Compl. at ¶ 57 ("Thus federal funding of the project was conditioned upon proper application of the competitive bidding regulations applicable to use of Federal Aid Highway Act funds. . . In other words, as KME was the low bidder, Brookhaven may not nevertheless direct that the

11

contractor order GTT equipment, ignoring the condition placed upon the use of federal funds by the Federal Highway Administration."); see also id. at ¶ 4 ("Plaintiff KME . . . alleges that it is entitled under federal law to an award of the contract, that the award has been improperly thwarted by the Town . . . under the authority of NYSDOT such that KME has been deprived of a right based on a statutory violation of federal law in addition to a liberty interest in certainty in application of appropriate law."); id. at ¶¶ 35-36 ("NYSDOT by its agent, Brookhaven, has caused or controlled the wrongful rejection of KME a the subcontractor. NYSDOT, by its agent Brookhaven, acted in bad faith and/or fraud in the approval of the competing subcontractor.").)

However, as stated above, there is nothing in the evidence or in the testimony presented at the evidentiary hearing that supports this allegation.

Finally, the Report and Recommendation considered issues of joinder in its analysis of likelihood of success on the merits. In particular, Judge Boyle noted that: "plaintiff has failed to name any of the parties to the contracts as defendants. . . . If, as plaintiff claims, the necessary parties cannot be joined, then the action must be dismissed." Although a determination of whether the Plaintiff has failed to join necessary parties is not necessary for purposes of a preliminary injunction because the motion is adequately dismissed on alternative grounds, the Court notes that it was ultimately proper and reasonable for Judge Boyle to consider this factor at this stage of the proceedings. See Boat Basin Investors, Inc., v. First Am. Stock Transfer, Inc., No. 03 Civ. 493, 2003 WL 282144, at *1 (S.D.N.Y. Feb. 7, 2003) ("In the absence of . . . a necessary party under Rule 19(a) of the Federal Rules of

Civil Procedure, the merits may not be reached and a preliminary injunction may not be granted."); Shenandoah v. U.S. Dep't of Interior, No. 96 Civ. 258, 1997 WL 214947, at *3 (N.D.N.Y. 1997) ("Plaintiffs' failure to join the Oneida Nation also disposes of their preliminary injunction motion, because plaintiffs cannot show a likelihood of success on the merits of their lawsuit.").

Therefore, the Plaintiff's objections to the Judge's Report that the Plaintiff failed to demonstrate a likelihood of success on the merits are rejected.

3. **Disputed Issues of Fact**

The Plaintiff also raises objections with regard to certain findings of fact made by Judge Boyle, including (1) that GTT changed its price quote before the bid opening; (2) that the Town had no involvement in Hinck's decision to award the contract to GTT; (3) that KME did not provide the lowest lawful bid, and that if KME believed such, it would be unreasonable. The Plaintiff bases its factual disputes on the testimony of Paul Stram, a representative of Hinck, asserting that he lacked credibility because his story changed several times. However, the Court sees no reason to disturb Judge Boyle's factual findings. See U.S. v. Raddatz, 447 U.S. 667, 674, 100 S. Ct. 2406, 2411, 65 L. Ed. 2d 424 (1980) ("We find nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'"); U.S. v. Valencia-Romero, 100 F.3d 944, at *2 (2d Cir. 1996) ("We note that the district court was entitled to rely upon the credibility determinations made by the magistrate judge at the suppression hearing.").

## II. CONCLUSION

As stated by the Supreme Court, "[a] preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-90, 128 S. Ct. 2207, 2219 (2008). In this case, the required showing for this extraordinary relief was simply not made.

For the foregoing reasons, it is hereby

**ORDERED** that Judge Boyle's Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that the Plaintiff's motion for a preliminary injunction is denied.

**SO ORDERED.**

Dated: Central Islip, New York
February 16, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge